OPINION
On August 24, 1995, an administrative order establishment of paternity was filed naming appellant, Walter D. Hartsock, the natural father of Jacob Scott Daugherty born July 19, 1994. Appellee, Kim R. Daugherty, is the child's natural mother. On July 15, 1996, the parties filed an agreed entry wherein appellant agreed in pertinent part to pay all the medical bills associated with the child's birth. On May 5, 1998, appellee filed a motion for contempt requesting in pertinent part reimbursement for medical bills. A hearing before a magistrate was held on August 7, 1998. By decision dated September 14, 1998, the magistrate failed to hold appellant in contempt, finding he had submitted all medical bills relating to the child's birth as per the agreed entry. On September 28, 1998, appellee filed objections to the magistrate's decision claiming "Defendant's testimony concerning the birth expenses may not have been totally truthful." A hearing before the trial court was held on January 14, 1999. By judgment entry filed February 23, 1999, the trial court found some bills had not been paid, and ordered appellant to pay them within sixty days or be found in contempt. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED IN MODIFYING THE MAGISTRATE'S DECISION WITHOUT FINDING SUCH TO BE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE OR CONTRARY TO LAW.
 I
Appellant claims the trial court erred in modifying the magistrate's recommendation without a finding that it was against the manifest weight of the evidence. We disagree. By decision dated September 14, 1998, the magistrate found the following under the caption "Disputed Findings of Fact": Plaintiff has not shown she submitted all medical bills associated with the birth of Jacob and thereafter to date nor has she shown that she submitted the medical bills associated with the birth of Jacob and thereafter to date. Instead, this court finds plaintiff did exactly what the agreed entry states: Plaintiff has supplied to the defendant medical bills (not `all' or `the' medical bills) associated with the birth of Jacob and thereafter to date. This problem could have been avoided had an exact amount or classifying word been included within the agreed entry. This court believes Defendant has submitted all documents/bills provided to Defendant on 7/15/96. The Defendant is the only one who had money to lose if he failed to submit the documents/bills to his insurance company. The court believes the burden of proof with respect to this issue rests with Plaintiff and she has failed to sustain her burden of proof.
Appellee filed objections on September 28, 1998. Specifically, appellee objected to the magistrate's finding that appellant "owes the Plaintiff no monies for the payment of the birth expenses." Appellee alleged appellant's "testimony concerning the birth expenses may not have been totally truthful." Following a hearing, the trial court found the following: Additional evidence shows some of birthing cost invoices denied by defendant were submitted. Both parties failed to keep accurate records/copies. Defendant continues to be obligated for same. Defendant has 60 days to make all payments owed upon same current or be found in contempt.
See, Judgment Entry filed February 23, 1999.
A transcript of the magistrate's hearing was provided to the trial court. The record also included the birthing bills (Plaintiff's Exhibits 2, 3, 4, 5 and 6) and copies of the checks appellee paid on the amounts due after appellant's insurance carrier had paid $717.00. August 7, 1998 T. at 24, 63. Appellant admitted he received the explanation of benefits regarding what his insurance carrier had paid, but claims he was unaware that amounts were not covered. Id. at 46, 58. At the objection hearing, the parties did not testify. The trial court had before it the transcript of the magistrate's hearing as well as the exhibits. After hearing argument from both counsel, the trial court stated "so that leaves me with deciding whether you are in contempt based upon the presentation of the medical bills, based upon the submissions both in testimony and the exhibits and the exhibit that was proffered today." January 14, 1999 T. at 33. Pursuant to Civ.R. 53(E)(4)(6) "[t]he court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Based upon the trial court's ability to reexamine the testimony and exhibits, we do not find the trial court erred in ordering monies due for birth related medical expenses. The trial court's statements and the language in the judgment entry reflect a finding that the magistrate erred in not ordering appellant to pay the uncovered birthing bills. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division, is hereby affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.